UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KEITH ELLISON, <br> Plaintiff, <br> v. <br> UNITED STATES OF AMERICA, <br> Defendant. | Case No. 19-mc-80167-JST <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSFER VENUE; ORDER GRANTING IN PART STIPULATION TO CONTINUE HEARINGS** <br><br> Re: ECF Nos. 27, 34 |

Before the Court is Defendant United States of America's motion to transfer venue to the District of Puerto Rico. ECF No. 27. The government seeks transfer under 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." However, the government's motion does not address whether this action might have been brought in the District of Puerto Rico. *See* ECF No. 27. Nor does Plaintiff Donald Keith Ellison consent to transfer. ECF No. 30.

The government argues on reply that this case could have been brought in the District of Puerto Rico under 18 U.S.C. § 981(b)(3), which provides that "[a]ny motion for the return of property seized under this section shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." ECF No. 31. But "[i]t is inappropriate to consider arguments raised for the first time in a reply brief." *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006). Moreover, the government has not presented any evidence that the property at issue in this case was seized under § 981.

Accordingly, the government's motion to transfer venue is denied. The government may renew its motion, but if it does so, it must cure the deficiencies identified in this order. The Court expresses no view at this time on whether transfer to the District of Puerto Rico would be warranted under § 1404(a) if the government establishes that this case could have been brought there.

The parties' stipulation to continue the hearing on the government's motion to transfer venue is denied as moot. ECF No. 34. Their stipulation to continue the hearing on Ellison's motion for return of property is granted in part. *Id.* The hearing on that motion is continued to September 25, 2019. The parties shall meet and confer and file a stipulation and proposed order regarding the briefing schedule on Ellison's motion. The Court will not approve any stipulation that proposes a reply brief deadline less than two weeks prior to the motion hearing.

**IT IS SO ORDERED.**

Dated: July 24, 2019

JON S. TIGAR
United States District Judge