DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    FAX: (415) 436-7234
    david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD KEITH ELLISON, | CASE NO. 3:19-MC-80167 JST |
| Plaintiff, | **UNITED STATES'S MOTION TO DISMISS PLAINTIFF'S MOTION FOR RETURN OF PROPERTY (COMPLAINT)** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

    The United States hereby moves to dismiss the instant motion for return of property for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As discussed below, the filing of a civil forfeiture complaint in Puerto Rico removes the basis for jurisdiction over an independent Rule 41(g) motion. This motion is based upon the memorandum of points and authorities attached hereto and the pleadings on file in this matter and in the civil forfeiture action in Puerto Rico.

**FACTS**

    On July 18, 2019, the United States filed a sealed civil forfeiture complaint against the property at issue in the District of Puerto Rico. *See* United States v. $1,000,000.00 Contained in Charles Schwab, et. al., 19-CV-1693 ADC, Docket No. 2. On July 25, 2019, the complaint was unsealed. *See* Id., Docket No. 10. On August 16, 2019, plaintiff filed a claim in the civil forfeiture case, wherein he is seeking the

return of the property.  *See*, Id., Docket No. 11-1.  The same day, plaintiff filed a motion to dismiss the civil forfeiture complaint.  *See*, Id., Docket No. 13.

## LAW AND ARGUMENT

### A.     Standard for a Motion to Dismiss

Plaintiff filed the instant motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).  Although Rule 41(g) is ordinarily used to seek return of property post-indictment, some courts have entertained such motions in cases where no criminal proceedings are pending against the movant.  *See, e.g.,* United States v. Kama, 394 F.3d 1236, 1237-38 (9th Cir. 2005).  In such cases, the motions are treated as civil equitable proceedings in which a district court must exercise both caution and restraint before taking jurisdiction.  Id.

Whether the courts have any jurisdiction – including equitable jurisdiction – is a threshold question in every federal case because federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Lawsuits against the United States are even further limited.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Ordonez v. United States, 680 F.3d 1135, 1138 (9th Cir. 2012) *citing* United States v. Mitchell, 463 U.S. 206 (1983).  The waiver must be expressed unequivocally in statutory text and cannot be implied.  Id., at 1138 *citing* Lane v. Pena, 518 U.S. 187, 192 (1996). "Unlike actions involving private parties, 'where a cause of action is authorized against the federal government, the available remedies are not those that are appropriate, but only those for which sovereign immunity has been expressly waived.'" Id. *quoting* Pena, 518 U.S. at 192.  Waivers of sovereign immunity are to be strictly construed in favor of the sovereign.  Dep't of the Army v. Blue Fox, 525 U.S. 255, 261 (1999); *accord* Lane, 518 U.S. at 192.

Rule 12(b)(1) acknowledges these limits by providing the defendant a mechanism to challenge subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant's Rule 12(b)(1) motion can either attack the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint.  *See* Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp., 594

F.2d 730, 733 (9th Cir. 1979).

In a challenge to the substance of the jurisdictional allegations, the Court is not restricted to a review of the pleadings.  *See* St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); City of Oakland v. Holder, 901 F. Supp. 2d 1188, 1191-92 (N.D. Cal. 2013). The Court "may review extrinsic evidence to resolve any factual disputes which affect jurisdiction." Shloss v. Sweeney, 515 F. Supp. 2d 1068, 1074 (N.D. Cal. 2007) (*citing* McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)). Also, the Court also need not presume the truthfulness of the allegations in the complaint.  *See* Safe Air for Everyone, 373 F.3d at 1039.  "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." In re Dynamic Random Access Memory Antitrust Litig. v. Micron Technology, Inc., 546 F.3d 981, 984 (9th Cir. 2008)

**B.    This Motion Must Be Dismissed, Because a Civil Forfeiture Action Was Filed in Puerto Rico**

"It is well-settled that the federal government may defeat a Rule [41(g)][1] motion by demonstrating that the property is subject to federal forfeiture." United States v. Fitzen, 80 F.3d 387, 389 (9th Cir. 1996).  As discussed below, the Ninth Circuit and other Circuits have held that two related reasons compel the dismissal of a Rule 41(g) motion once a civil forfeiture action has been filed.

The first reason is that "once a civil forfeiture complaint has been filed, Fed. R. Crim. P. 1(a)(5)(B), formerly Fed. R. Crim. P. 54(b)(5), removes the basis for jurisdiction over an independent Rule 41(g) motion." Caracas Int'l Banking Corp. v. United States, 670 F. Supp. 2d 142, 146 (D.P.R. 2009).  As summarized by the Ninth Circuit in *United States v. Elias*:

> This case is controlled by our decision in United States v. United States Currency, $83,310.78, 851 F.2d 1231 (9th Cir. 1988). In United States Currency, the government seized $83,310.78 and notified its apparent owner of the seizure. After filing the required claim and bond, the owner filed a Rule 41(e) motion for return of the property. There were no criminal proceedings pending at this time and the government had not filed a civil forfeiture action. **On the next day, the government filed a civil forfeiture action. We held that under these circumstances, the Rule 41(e) motion was properly dismissed. The reason for the dismissal was that Rule 54(b) of the Federal Rules of Criminal Procedure expressly provides that the rules are not applicable to "civil forfeiture of property."**

---

[1] "Rule 41 was amended and reorganized in 2002. As part of the 'general restyling' of the Criminal Rules, what was formerly Rule 41(e) is now codified at 41(g), with minor stylistic changes." Ordonez v. United States, 680 F.3d 1135, 1137 note 1 (9th Cir. 2012)

MOTION TO DISMISS                                3
3:19-MC-80167 JST

1  *United States v. Elias,* 921 F.2d 870, 872-73 (9th Cir. 1990), emphasis added; s*ee also* <u>United States v.</u>
2  <u>Woodard</u>, 185 Fed. Appx. 629, 630 (9th Cir. 2006) (following <u>$83,310.78</u> and denying a 41(g) motion
3  pursuant to Fed. R. Crim. P. 1(a)(5)(B)); <u>Return of Seized Prop. v. United States</u>, 625 F. Supp. 2d 949,
4  955 (C.D. Cal. 2009) (same). Similarly, the Fifth Circuit held in <u>United States v. Hernandez</u>, 911 F.2d
5  981, 982-983 (5th Cir. 1990):

> [The Federal Rules of Criminal Procedure] do not apply to civil forfeiture of property for a violation of a statute. *See* <u>United States v. Rapp</u>, 539 F.2d 1156, 1160 (8th Cir. 1976) (*citing* Fed. R. Crim. P. 54(b)(5)). Consequently, rule 41(e) cannot provide a jurisdictional basis in a civil action, and the district court did not err in denying Hernandez's motion for return of property under rule 41(e).

9  Just as in <u>$83,310.78</u>, once the civil forfeiture complaint was filed in Puerto Rico, Fed. R. Crim.
10  P. 1(a)(5)(B) removed the basis for jurisdiction over an independent complaint under Fed. R. Crim. P.
11  41(g). Without an explicit waiver of sovereign immunity, there is no subject matter jurisdiction and the
12  motion for return of property must be dismissed.

13  The second reason is that "[a] Rule 41(g) motion is an equitable remedy that is available only
14  when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." <u>De</u>
15  <u>Almeida v. United States</u>, 459 F.3d 377, 382 (2d Cir 2006). Consequently, the Ninth Circuit and
16  "[o]ther circuits have similarly held that a pending administrative or civil forfeiture proceeding affords
17  an adequate remedy at law and thereby justifies dismissal of the Rule 41(g) motion." <u>Id.</u> *citing* <u>United</u>
18  <u>States v. $83,310.78</u>, 851 F.2d 1231, 1233-35 (9th Cir. 1988); <u>United States v. Price</u>, 914 F.2d 1507,
19  1511 (D.C. Cir. 1990) ("Accordingly, we now hold that once the Government initiates an administrative
20  forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District
21  Court has no jurisdiction to resolve the issue of return of property."); <u>Shaw v. United States</u>, 891 F.2d
22  602, 603-04 (6th Cir. 1989) (explaining that Rule 41[(g)] is an equitable remedy, and "[u]nder standard
23  equity doctrine, where there is an adequate remedy at law it must be pursued") ; <u>United States v. Castro</u>,
24  883 F.2d 1018, 1019 (11th Cir. 1989) ("It is well-settled that the proper method for recovery of property
25  which has been subject to civil forfeiture is not the filing of a Rule 41[(g)] Motion, but filing a claim in
26  the civil forfeiture action."); <u>In re Harper</u>, 835 F.2d 1273, 1274-75 (8th Cir. 1988) (district court did not
27  abuse discretion in not exercising equitable jurisdiction under Rule 41[(g)] after government instituted
28  forfeiture proceeding). In <u>United States v. $83,310.78</u>, the Ninth Circuit held that:

> [W]hen a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant.

United States v. $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988) *see also* United States v. Elias, 921 F.2d 870, 873 (9th Cir. 1990) ("When a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant."); United States v. Woodard, 185 Fed. Appx. 629, 630 (9th Cir. 2006) (citing $83,310.78 for the proposition that a Rule 41(g) motion is unavailable to an appellant who is contesting the forfeiture of his or her property if there was an adequate legal remedy); Atl. Invs., LLC v. United States, 161 Fed. Appx. 658, 659 (9th Cir. 2005) ("We have held that when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any constitutional violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant."); Return of Seized Prop. v. United States, 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) ("More important, the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed."); In re $343,450.72 Worth of Wearing Apparel, 2016 U.S. Dist. LEXIS 355, *1 (C.D. Cal 2016) (same); In re Return of Seized Prop., 2016 U.S. Dist. LEXIS 86862 (C.D. Cal. 2016), *3 note 3 (same); In re Seizure of One Blue Nissan Skyline Auto., 2009 U.S. Dist. LEXIS 105884 *2-3 (C.D. Cal. 2009) (same).

Thus even if could demonstrate and explicit and unequivocal statutory waiver of sovereign immunity, the civil forfeiture case in Puerto Rico provides an adequate remedy for plaintiff to litigate the return of property and the motion for return of property should be denied.

DATED: 08/19/19                                                             Respectfully submitted,

                                                                         DAVID L. ANDERSON
                                                                         United States Attorney

                                                                         _____/S/_____
                                                                         DAVID COUNTRYMAN
                                                                         Assistant United States Attorney